

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KHALED MOHAMMED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 03 C 6849 |
| v. | ) Judge Kennelly |
| | ) |
| CARMAX, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING

**TO:** Khaled Mohammed, Pro Se
10832 S. Lavergne
Oak Lawn, IL 60453

**PLEASE TAKE NOTICE** that on December 29, 2003, we filed the attached Supplemental Memorandum to the Court in Support of CarMax's Motion to Compel Arbitration and Stay This Proceeding with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which is herewith served upon you.

CARMAX, INC.

By: _____
One of its attorneys

John J. Michels, Jr., Esq.
Mark J. Sheppard, Esq.
McGuireWoods LLP
150 N. Michigan, Ste. 2500
Chicago, IL 60601
(312) 558-1000

## CERTIFICATE OF SERVICE

The undersigned certifies that (s)he served a copy of the foregoing Notice of Filing and attached Supplemental Memorandum to the Court in Support of CarMax's Motion to Compel Arbitration and Stay This Proceeding on the individuals to whom it is directed by U.S First Class Mail on December 29, 2003, with proper postage prepaid.

_____

\\LAB\407458.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHALED MOHAMMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 03 C 6849 |
| v. ) | Judge Kennelly |
| ) | |
| CARMAX, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL MEMORANDUM TO THE COURT IN SUPPORT OF CARMAX'S MOTION TO COMPEL ARBITRATION AND STAY THIS PROCEEDING**

Defendant CarMax, Inc. ("CarMax") hereby submits this Supplemental Memorandum to the Court in response to the Court's request that CarMax consider the Court's ruling in *Popovich v. McDonald's Corp.*, 189 F. Supp.2d 772 (N.D. Ill. 2002), in its Motion to Compel Plaintiff Khaled Mohammed ("Mohammed") to arbitrate his claims. The affidavit of Ross E. Longood is attached as Exhibit 1. CarMax respectfully states that the *Popovich* case is not relevant to the current factual circumstances.

In *Popovich*, the Court considered the defendant's motion to compel arbitration of the plaintiff's consumer law related claims. The defendant so moved pursuant to an arbitration agreement to which the plaintiff agreed by participating in a game sponsored by the defendant. The Court denied the defendant's motion, ruling that the plaintiff established that the agreement was unenforceable since the plaintiff's arbitration costs would be excessive, ranging from $48,000 to $126,000. The Court also ruled that the defendant's offer to pay the plaintiff's arbitration costs was an unlawful attempt to unilaterally modify the parties' contract. The contract did not allow for the defendant to pay for arbitration costs and the plaintiff had no obligation to accept the defendant's offer.

14

The current case is distinguishable. As an initial matter, Mohammed is not facing excessive arbitration costs. Under the currently applicable arbitration Rules[1], there is a $75 arbitration fee, which may be waived based on Mohammed's demonstrated inability to pay. Mohammed's only other potential costs of arbitration, other than his attorneys' fees and incidental costs, are limited be the higher of $500 or 3% of his most recent annual compensation at CarMax, which was approximately $70,646. (Exh. C, pg 7-8; Exh. A at ¶ 5). The plaintiff's potential costs in *Popovich*, ranging from $48,000 to $126,000, are not remotely close to the approximately $2,100 in potential arbitration costs for Mohammed. Moreover, pursuant to the Rules, if Mohammed prevails at the arbitration, the arbitrator is authorized to require CarMax to pay any of these limited costs.

Furthermore, Mohammed will not have to incur any cost of arbitration under the revised Rules, which are effective January 1, 2004. Those Rules, which will apply to all arbitrations filed after January 1, 2004, provide that CarMax will pay for all costs of arbitration other than the opposing parties attorneys' fees and incidental costs. (Exh. 1 at ¶ 5) Thus, by the time Mohammed files his Arbitration Request Form, the new Rules will be in effect, under which he will bear no costs of arbitration other than his attorneys' fees and incidental costs.

Unlike the parties in *Popovich*, CarMax and Mohammed specifically contemplated modification of their Agreement and the Rules. Indeed, when Mohammed signed his arbitration agreement with CarMax, the applicable Rules clearly allowed for such revisions and

---

[1] Mohammed signed an Arbitration Agreement in 1998 with CarMax, which stated that the rules governing any arbitration between the parties were subject to the applicable Dispute Resolution Rules and Procedures ("the Rules"). Pursuant to Rule 19, the rules applicable to the arbitration are those "in effect at the time the Arbitration Request Form and accompanying filing fee is received by the Company." (Exh. B, pg. 12). Thus, should Mohammed file his arbitration request prior to December 31, 2003, the Rules attached as Exhibit C to the affidavit of Ross Longood would apply. If Mohammed files his arbitration request after December 31, 2003, the revised Rules would apply.

2

modifications. The Rules provide that the arbitration will be governed by the Rules in effect at the time the Arbitration Request Form is filed. (Exh. B, pg. 12).

Because Mohammed's arbitration costs would not be excessive and, alternatively, because CarMax will pay all costs of arbitration, other than attorneys' fees and incidental costs, under the revised Rules that take effect on January 1, 2004, the current case is distinguishable from *Popovich*. Therefore, CarMax respectfully requests that the Court grant CarMax's Motion to Compel Arbitration and Stay This Proceeding.

CARMAX, INC.

By: _/s/_

One of its attorneys

John J. Michels, Jr., Esq.
Mark J. Sheppard, Esq.
McGuireWoods LLP
150 N. Michigan, Ste. 2500
Chicago, IL 60601
(312) 558-1000

\\LAB\484536.1

3

# SEE CASE FILE FOR EXHIBITS